Foot, J.
 

 — The decision of this cause turns on the true construction of the 34th section of
 
 “
 
 an act relative to the city of Schenectady.’” (Laws of 1833, p. 457.) By
 
 *94
 
 that section, the common council of- the city are authorized to make “by-laws and ordinances, ordering and # gg directing any of the streets * * *to be pitched, -* levelled, paved, flagged, * * * or for the altering or repairing the same, within such time, and in such manner, as they may prescribe, under the superintendence and direction of the city superintendent.” The common council passed an ordinance, in October 1843, by which they directed State street, between certain points, “ to be pitched, levelled and flagged * * * in such manner as the city superintendent, under the direction of the committee on roads of the common council, shall direct and require.”
 

 The question is, whether this. ordinance is in pursuance of the authority given by the statute; and the answer is ascertained, by inquiring whether the common council must, by their ordinance, specify the manner in which the improvement is to be made, or may leave such specification to the city superintendent and a committee of their body. I am satisfied, that the legislature "intended to place the responsibility of determining the mode and manner, or in other words, the plan of the improvement, upon the common council. The trust is an important and delicate one, as the expenses of the improvement are, by the statute, to be paid by the owners of the property in front of which it is made. In effect, it is a power of taxation, which is the exercise of sovereign authority; and nothing short of the most positive and explicit language can justify the court in holding, that the legislature intended to confer such a power on a city officer or committee. The statute not only contains no such language, but on the contrary, clearly, to my mind, expresses the intention of confining - the ‘ exercise of this power to the common council, the members of which are elected by and responsible to those whose property they are thus allowed to tax.
 
 [1]
 

 
 *95
 
 I concur mainly in the views of the supreme court, expressed by Mr. Justice Cady in delivering the opinion of that court.
 

 Judgment affirmed.
 

 [1]
 

 See to the same effect, Birdsall v. Clark, 73 N. Y. 73.