AUSBURN BIRDSALL, Appellant, v. THOMAS J. CLARK et al., Respondents.

Public powers or trusts, devolved by law or charter upon the common council or governing body of a municipal corporation, to be exercised by it when and in such manner as it shall judge best, cannot be delegated by such body to others.

By the charter of the city of Binghamton (§ 14, title 8, chap. 291, Laws of 1867, as amended by chap. 53, Laws of 1870), it is provided that the building and maintaining of sidewalks shall be done at the expense of the adjoining premises, and that when the common council order work to be done, and cause notice to be served on the owner or person in possession, if it shall not be done within the time specified, " the common council shall, by contract or otherwise, cause it to be done." The common council passed a general resolution directing the superintendent of streets, when the owner neglects to do work by the time specified, " to cause the same to be done." In an action to restrain the superintendent of streets from doing work ordered to be done in the repair of a sidewalk in front of plaintiff's premises, *held*, that said resolution was illegal and void; that the charter required, and the owner was entitled to, the exercise of the judgment and discretion on the part of the common council in each case as to the method of doing the work, which they could not delegate to another; and that the action of the common council in determining the manner of doing the work, as it involved the expenditure of money, was required to be taken in the manner prescribed by the charter in said case. (Title 4, § 11.)

Also, *held*, that the action was maintainable.

*Birdsall* v. *Clark* (7 Hun, 351), reversed.

(Argued February 15, 1878; decided March 19, 1878.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 7 Hun, 351.)

This was an action to restrain the defendants, the superintendent of streets of the city of Binghamton, and persons employed by him, from grading and repairing the sidewalk in front of certain premises owned by plaintiff in said city.

The plaintiff was the owner of certain premises fronting

on the north side of Court street, in the city of Binghampton. On the 29th of July, 1873, the common council of the city passed a resolution, which was approved by the mayor, directing the setting of curb stones along the north side of Court street, according to the established grade therein specified, to be completed on or before the twenty-fifth day of August then next. A copy of this resolution was served on the plaintiff on the 2d day of August, 1873. On the twenty-ninth of September, of the same year, the common council passed a resolution, also approved by the mayor, directing the sidewalk in the street in front of plaintiff's premises to be graded, and the flagging to be raised and relaid, as therein specified, and to conform with said curbing, all to be completed on or before the fifteenth of October then next. A copy of this resolution was also served on the plaintiff on the second day of October aforesaid. There was a standing resolution, passed by the common council on the 11th day of June, 1870, approved by the mayor, directing the superintendent of streets to grade and build the sidewalks, or cause the same to be graded and built, in accordance with the directions of the common council, unless the owner of the premises in front of which the work was required should cause the same to be done before the expiration of the time limited therefor. The plaintiff omitted to grade the sidewalk in front of his premises, as required by the aforesaid resolutions; whereupon the defendant Clark, who was superintendent of streets, proceeded to do so, pursuant thereto, and employed the other defendants to assist him in the work. This action was brought to restrain them in that regard. The referee held that the common council had the right to make and establish the grade of Court street, and to order and direct the setting of the curb, and the grading and relaying of the sidewalk in front of the plaintiff's premises; but further held, that the superintendent had no legal right or authority to do this work, or to cause it to be done under the resolutions above mentioned; and directed judgment against the defendants for three dollars damages; and

restraining them from further action, in so far as would affect the plaintiff's premises.

The provisions of the charter of the city of Binghampton, affecting the matters in question, are set forth in the opinion.

*Ausburn Birdsall*, appellant, in person.    Plaintiff having omitted to repair his sidewalk the common council alone had the right to do it, or cause it to be done, by ordinance or resolution duly passed.    (Laws of 1867, p. 611, § 14, tit. 5; Laws of 1868, p. 1224; Laws of 1870, tit. 8, § 14, p. 133.)

*Samuel Hand*, for respondents.    The common council had power to delegate the repairing of plaintiff's sidewalk to the superintendent of streets.    (Charter of Binghampton, § 10, tit. 4, p. 20; Laws of 1870, § 14, tit. 8, p. 133 ; *Noyes* v. *Ward*, 19 Conn., 250–270.)

CHURCH, Ch. J.    There is no question but that the common council had full power to ordain the grading and curbing of the sidewalk in front of the plaintiff's premises, and that for any incidental or consequential injury the plaintiff had no remedy, upon the general principle that private interests are subordinate to the public good.    By section 14 of title 8 of the charter of the city of Binghamton, the building and maintaining in good order of all sidewalks is to be done at the expense of the premises in front of which they are required, or of the owner thereof ; and after providing that the common council shall order the work to be done within a specified time, and cause a notice of the same to be served upon the owner or person in possession of the premises, it provides, that "if any work shall not be done within the time limited therefor, *the common council shall by contract, or otherwise, cause it to be done*, and assess the expenses thereof, with ten per cent addition, upon said premises, or upon the owner thereof."

In 1870 the common council passed a general resolution

directing the superintendent of streets, when the owner neglected to do the work by the time limited, " to cause the same to be done," and the question is whether this is a proper exercise of the power conferred upon the common council by the clause before quoted. It is a well-settled principle that public powers or trusts devolved by law or charter upon the council or governing body to be exercised by it when and in such manner as it shall judge best cannot be delegated to others. (Dill. on Mun. Corp., § 60.) If discretion and judgment are to be exercised, either as to time or manner, the body or officer intrusted with the duty must exercise it, and cannot delegate it to any other officer or person. On the other hand, a municipal corporation may appoint agents, or give directions to subordinate officers to perform duties of a ministerial or administrative character. (Dill. on Municip. Corp., § 60.)

The point involved is within a narrow compass. Any work not done within the time limited, the charter requires the common council to cause to be done by contract or otherwise. The council directed, not in a specific case, but in all cases, that the superintendent of streets should " cause the work to be done," thus delegating the precise authority conferred upon it. The charter conferred the power upon the council to cause it to be done by *contract or otherwise.* This requires the exercise of discretion and judgment as to the manner in which the work should be done. Whose judgment is to be exercised ? The Legislature has said that it is the judgment of the council, but the latter has attempted to invest the superintendent of streets with its exercise. This they had no power to do. The charter clearly contemplates the action of the council in each case. As to one work, it might be judicious and economical to direct that it be done by contract, and let to the lowest bidder; in another, by contract with a particular person without bidding ; in another, partly by contract and partly by day's work, and in another, entirely by day's work; and other terms and directions might be appropriate. The owner who is ultimately to pay

the expense has an interest in the manner in which the work is to be done, because it may materially affect the amount of the expense. He is entitled to the judgment of the council on that question. The principle decided in the case of *Thompson* v. *Schermerhorn* (6 N. Y., 92) is applicable. There the common council of the city of Schenectady were authorized to make by-laws and ordinances directing the improvement of streets within such time and in such manner as they might prescribe, and passed an ordinance for pitching and flagging a certain street in such manner as the city superintendent, under the direction of a committee of the common council, should direct and require. This court held the ordinance void for omitting to specify the manner in which the improvement was to be made. The court say : " In effect it is a power of taxation, which is the exercise of sovereign authority, and nothing short of the most positive and explicit language can justify the court in holding that the Legislature intended to confer such a power on a city officer or committee." The particular description of the work is no more important than the mode of making the expenditure, and the same principle applies to every power conferred upon the council until the improvement is finished and the tax collected. It is a general rule that such powers must be exercised in strict conformity to law, and that any interference by public bodies or officers with the property-rights of the citizen can only be justified by clear authority of the statute. It seems to me quite clear that the proposed expenditure required the action of the common council to determine the manner of doing the work, and this being so, it is equally clear that such action must have been taken in accordance with section 11 of title 4 of the charter. It was a " resolution " involving the expenditure of money for a local improvement, and affected rights of property.

I have examined the other provisions of the charter referred to, prescribing the powers and duties of the superintendent of streets, and the power of the common council to prescribe the duties of officers, and do not find anything to

affect the views before expressed as to the proper construction of the clause quoted.

The order of the General Term must be reversed, and the judgment entered upon the report of the referee affirmed.

All concur, except EARL, J., absent.

Order reversed, and judgment affirmed.