CHANDLER J. WELLS et al., Appellants, *v.* THE CITY OF BUFFALO, Respondent.

An action cannot be maintained to set aside an assessment, as a cloud on title, on the ground that the act, under which the assessment was laid, is unconstitutional. If the act is unconstitutional, the assessment is void upon its face, and so is not a cloud on plaintiff's title.

(Argued February 6, 1880 ; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a decision at Special Term of the Superior Court of Buffalo ; the case having been removed to the Supreme Court under section 273 of the Code of Civil Procedure. (Reported below, 14 Hun, 438.)

This action was brought to set aside an assessment for a local improvement upon lands of plaintiff, in the city of Buffalo. The assessment was laid in pursuance of chapter 369 of the Laws of 1875 ; plaintiff alleged that the act was violative of section 17, article 3 of the State Constitution.

*Frank M. Loomis*, for appellants. Chapter 369 of Laws of 1875 is unconstitutional and void. (Const., art. 3, § 17; *Guest* v. *City of Brooklyn*, 8 Hun, 98; *People ex rel.* v. *Lawrence*, 36 Barb., 177; *Stewart* v. *Palmer*, 74 N. Y., 183.)

*P. A. Matteson*, for respondent. Chapter 369 of the Laws of 1875 is not in violation of section 17 of article 3 of the constitution. (*People ex rel. The Board of Commissioners of Washington Park* v. *Banks*, 67 N. Y., 568; *People* v. *Learned*, 5 Hun, 620; *The People ex rel. Stevens* v. *Hoyt*, 7 id., 39; *Conner* v. *The Mayor*, etc., 5 N. Y., 293.)

RAPALLO, J. The sole ground upon which the assessment complained of is sought to be set aside being that the act authorizing it is unconstitutional, this action cannot be maintained. If the act is unconstitutional no assessment imposed

under it can be a cloud upon the plaintiffs' title. It is void upon its face. If the act is constitutional the assessment is valid. In either case, therefore, the complaint was properly dismissed. (*Stewart* v. *Palmer*, 74 N. Y., 183.)

The judgment should be affirmed, with costs.