JOHN EDWARDS, APPELLANT, *v.* THE CITY OF WATERTOWN, RESPONDENT.

*Common council — it may delegate to a committee the power to furnish rooms for its use — it may appoint the recorder of the city one of such a committee.*

Where the common council of a city has decided to lease certain rooms for city purposes, it may confer upon a committee appointed by it the power to arrange the rooms and procure the necessary furniture therefor.
It may appoint the recorder of the city one of the members of such a committee, although he is not a member of the common council.

APPEAL from a judgment, entered on the report of a referee dismissing the complaint.

*Anson B. Moore*, for the appellant.

*Porter & Walts*, for the respondent.

SMITH, J. :

The action was brought to recover for work and labor performed, materials furnished and money paid out for the defendant, a muni-

cipal corporation, in fitting up certain rooms leased by the defendant, and furnishing them with fixtures and furniture for the use of the defendant's officers.

The referee found that at a regular meeting of the common council of the defendant, held on the 22d September, 1874, it was resolved to take a lease of the rooms in question for five years, with a privilege of ten years if desired, at a rent of $400 a year; and at the same meeting the mayor of the city, as the presiding officer of the common council, appointed a committee consisting of three members of the common council and the recorder of the city, to arrange the rooms and procure the necessary furniture.

The action of the mayor was approved by the common council. The referee also found that said committee after their appointment met informally and requested the plaintiff to do the work and furnish the materials, for which the action is brought. The plaintiff was the agent of the owners of the rooms, and as such had negotiated with the defendant's officers for the lease of the rooms. The referee found that the committee promised the plaintiff that he should be paid for such services and materials, aside from the $400 a year which his principals were to receive for the rent of the rooms. The plaintiff thereupon caused the work to be done and the materials to be furnished, and the city officers took possession of the rooms so furnished, in the latter part of November, 1874. On the 9th December, 1874, the common council held a meeting in said rooms and by resolution accepted them as fitted up by the plaintiff, and authorized a lease to be taken in accordance with the terms of the previous resolution, and such lease was afterwards executed on the part of the owners and lessors by the plaintiff as their agent. The referee found that the fact that the committee had promised the plaintiff compensation aside from the contemplated rent of $400 a year, was not made known to the common council until after the execution of the lease. The referee held, among other conclusions of law, that the committee had no power to bind the defendant by their contract, and that the plaintiff by his dealings with the defendant on behalf of his principals, is estopped from recovering upon his claim.

It is contended in behalf of the defendant that the common council could not delegate to a committee power to procure the

necessary furniture for the rooms; that the power involved the exercise of discretion as to the cost especially, and could not be delegated. It is a plain principle that public powers or trusts devolved by law upon the governing body of a municipal corporation, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others. But it is not clear that the principle applies to this case. The distinction is between acts *quasi* judicial or involving discretion, and those which are merely ministerial. The cases cited by the respondent's counsel are of the former class. In most of them the governing body undertook to delegate a public trust by a general grant of power. Thus in *Day* v. *Green* (4 Cush., 433) the aldermen of a city delegated power to the mayor to grant licenses to move buildings through the streets; and in *Thompson* v. *Schermerhorn* (6 N. Y., 92) the common council of New York, being authorized to pave, level and flag the streets of the city under the superintendence of the city superintendent, made an ordinance directing the work to be done under the direction of its committee on roads. *Birdsall* v. *Clark* (73 N. Y., 73); *In Matter of Petition of Emigrants' Savings Bank* (75 id., 388), and *People ex rel. Board of Charities, etc.,* v. *Davis* (15 Hun, 209) are of the like nature. To apply the doctrine of those and numerous other concurrent decisions to the present case would be to hold that it was necessary for the common council, as a body, to buy or contract for the making of each article of furniture for the rooms in question, in order to bind the defendant. We do not think the case is within the doctrine above stated. The power conferred was limited to the procuring of "necessary" furniture for the rooms in question. In a certain sense, the purchase of the most common and trivial article involves the exercise of judgment and discretion as to cost, at least. But it will hardly be claimed that the common council could not authorize one of its attendants to buy a broom to sweep the council chamber, or its clerk to purchase necessary stationery for the use of its members. To question such authority would be to deny, as was said by COWEN, J., in *Com. Bank of Lake Erie* v. *Norton* (1 Hill, 505), "that the general agent of a mercantile firm could retain a carpenter to make a box, or a cooper to make a cask." No question is made by the defendant as to the furniture procured being necessary, none

as to its being suitable and well made, none as to its cost or its value. But it is claimed that its cost was to be included in the rent. A sufficient answer to that position is, that when the common council voted to rent the rooms of the plaintiff's agents at $400 a year, they at the same time appointed a committee to arrange the rooms and procure the necessary furniture; that implies very clearly that the common council understood that they were to furnish the rooms at their own expense in addition to paying the rent. The committee was appointed, not to superintend the furnishing of the rooms, but to procure the furniture. What need of that action, if it was to be procured by the lessors? In this view of the case the acceptance of the furnished rooms by the common council was a ratification of the action of the committee.

It is urged by the respondent's counsel that the common council had no authority to appoint upon the committee a person not a member of their body. The position is untenable.

It is also insisted that the committee did not meet, and all its members did not act, but confided the matter mainly to one of their number. The referee finds, on the contrary, that the committee met and requested the plaintiff to do the work. As the defendant does not appeal it cannot question the sufficiency of the evidence to support the finding.

If the views above stated are correct the plaintiff is not estopped from recovering by his action respecting the lease. The defendant's committee well knew that the furniture was provided by the plaintiff and not by his principals, and that it was to be paid for, aside from the rent of the rooms. And their knowledge on that subject is to be treated as the knowledge of their principal.

The judgment should be reversed and a new trial granted before another referee, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide the event.