JOHN J. DOREY *vs.* CITY OF BOSTON.

Suffolk.    January 24, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*City — Mayor and Aldermen — Sewer.*

A city is liable, under the Pub. Sts. c. 50, relating to sewers, for the cost of a sewer built by direction of the aldermen with the approval of the mayor.

In July, 1883, the board of aldermen of Boston, under the sewer ordinance of 1883, which provides in § 1 for the choice of a superintendent of sewers to "take charge of the building and repairs," and to make "all contracts for the supply of labor and materials" of all sewers, under its direction, passed an order directing the superintendent to construct a sewer in H. Street, and in January, 1884, passed a further order, directing him to act during that year under the orders of its committee on sewers. In August, 1884, the superintendent, acting alone, made a contract for the construction of a portion of the sewer in H. Street. *Held*, in an action to recover for the cost of that portion, that the order of January, 1884, did not supersede the ordinance or the order of July, 1883, and that the city was liable.

CONTRACT for work done and materials furnished in building a sewer in Heath Street, in Boston. Trial in the Superior Court, before *Bacon*, J., who made a report of the case for the determination of this court, which, so far as material, was as follows:

The city clerk, called as a witness, produced the city records, which showed that on February 18, 1884, H. H. Moses was elected by the city government to be the superintendent of sewers for the year 1884, and that he entered upon the performance of his duties; and that the board of aldermen, on July 16, 1883, passed the following vote: "In Board of Aldermen, July 16, 1883. Whereas it appears to the board, that a necessity exists for the construction of a sewer in Heath Street, Ward 22, from its present termination to Day Street, and that public notice of such intent be given,— Ordered, that the superintendent of sewers be, and he is hereby, directed to construct a common sewer in said Heath Street, and to report a schedule of the expense to this board. Approved by Albert Palmer, Mayor." Also that the board of aldermen, on January 21, 1884, passed the following order: "Ordered, that the superintendent of sewers be author-

ized, under the direction of the committee on sewers, to purchase materials and employ labor in the management of the sewer department during the present municipal year."

The plaintiff offered in evidence the city ordinance of 1883, in relation to sewers, section 1 of which is as follows: "There shall be chosen annually, by concurrent vote of both branches of the city council, a superintendent of sewers, who shall, under the direction of the board of aldermen, have the general supervision of all common sewers built and owned by the city of Boston, or permitted to be built or opened by its authority; shall take charge of the building and repairs of such sewers; and shall make all contracts for the supply of labor and materials therefor."

The plaintiff testified that he had been a sewer contractor and builder for twenty years; that he had built many sewers for the city of Boston; that he had built a part of this sewer on Heath Street, which was a part of the work comprised in the order passed by the board of aldermen on July 16, 1883; and that he did this work by the authority and direction of Moses, the superintendent of sewers, from whom he received his directions and orders on August 25, 1884, at his office in the city hall; but he offered no evidence that the superintendent of sewers in giving the order was acting under the direction of the committee on sewers.

The defendant contended that the order passed by the board of aldermen, on January 21, 1884, superseded the ordinance of 1883, and that it was incumbent on the plaintiff to show that whatever order was given him by the superintendent of sewers was by direction of the committee on sewers.

The judge ruled that the plaintiff could not recover, unless the plaintiff proposed to prove that the committee on sewers directed the superintendent to give such orders; that the order of January 21, 1884, superseded the ordinance of 1883; and, in the absence of such evidence on the part of the plaintiff, directed a verdict for the defendant. If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside, and a new trial granted.

*P. A. Collins & J. H. Burke,* (*G. A. Griffin* with them,) for the plaintiff.

*R. W. Nason,* for the defendant.

C. ALLEN, J.   The defendant now contends, though the objection does not appear to have been taken at the trial, that the city is under no liability to pay the cost of sewers built by direction of the aldermen with the approval of the mayor.   But this ground of objection cannot be maintained.   Sewers are built at the expense of the city, in the first instance, and a portion of the expense may afterwards be collected from persons whose estates are benefited.   Pub. Sts. c. 50, §§ 1–4, 11.   *Bennett* v. *New Bedford*, 110 Mass. 433.

The ground of objection relied on at the trial was, that the plaintiff could not recover, unless the work of building the sewer was done by the superintendent of sewers, under the direction of the committee on sewers; and the court so ruled, holding that the order of the board of aldermen passed on January 21, 1884, superseded that of July 16, 1883.   This ruling we think erroneous.   The Pub. Sts. c. 50, § 1, authorize the mayor and aldermen of a city to lay, make, and maintain sewers.   The St. of 1882, c. 164, enacts that the words " mayor and aldermen " shall be construed to mean " board of aldermen."   The city ordinance of 1883 provided for the annual choice of a superintendent of sewers, who should, under the direction of the board of aldermen, have the general supervision of all common sewers built and owned by the city, or permitted to be built or opened by its authority, and take charge of the building and repairs of such sewers, and make all contracts for the supply of labor and materials therefor.   A superintendent of sewers was duly chosen, and on July 16, 1883, the board of aldermen passed an order that he be directed to construct a common sewer in Heath Street, and to report a schedule of the expense to the board.   On January 21, 1884, the board passed another order " that the superintendent of sewers be authorized, under the direction of the committee on sewers, to purchase materials and employ labor in the management of the sewer department during the present municipal year."

The plaintiff's testimony was to the effect that he did the work in building the sewer in Heath Street, for which he now seeks to recover, by the authority and direction of the superintendent of sewers, received August 25, 1884; and if the last mentioned order of the board of aldermen superseded the first

in respect to the sewer in Heath Street, the superintendent's power to act alone was taken away. But the two orders may well stand together. In relation to the sewer in Heath Street, the board of aldermen acted specially, and authorized the superintendent to construct it. The later order was more general in its character, and apparently was intended to relieve the board of aldermen to some extent of the care and duty which otherwise would have rested upon them during the current year; but not to make it necessary to obtain the direction of its committee in reference to this particular sewer, which the board itself had ordered the superintendent to construct.

In this view, it is not necessary to consider whether the board of aldermen could lawfully delegate such power to its committee; in respect to which see *Day* v. *Green*, 4 Cush. 433; *Lowell* v. *Simpson*, 10 Allen, 88; *Birdsall* v. *Clark*, 73 N. Y. 73; *State* v. *Paterson*, 5 Vroom, 163.                     *New trial granted.*