ANNIE B. PHELPS, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Under the provision of the New York City Consolidation Act (§ 64, Chap. 410, Laws of 1882), requiring work involving an aggregate expenditure of more than $1,000 to be let, after advertisement for sealed proposals, by contract awarded to the lowest bidder, unless otherwise ordered by a vote of three-fourths of the members of the common council, the discretionary power given to the common council to dispense with those requirements must be exercised by it in each particular case, and cannot be delegated to any city official.

Where an ordinance directing a local improvement in said city is on its face illegal and void, the payment without coercion of an assessment for the expense incurred under its authority is a mistake of law and the sum paid cannot be recovered back

Accordingly *held*, where an ordinance, under which certain work involving an expenditure of more than $1,000 was done, authorized it to be done in such manner as the commissioner of public works "may deem expedient and for the best interests of the city and of the property-owners," and the work was done under a contract made with that officer without public advertisement for bids, that the ordinance was void on its face and that an action was not maintainable to recover back moneys paid, without compulsion, upon an assessment for the work.

(Argued December 19, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 2, 1888, which reversed a judgment in favor of

plaintiff entered upon a decision of the court on trial at Special Term and ordered a new trial.

This action was brought to have an assessment upon plaintiff's premises for regulating and grading Broadway in the city of New York adjudged invalid and to recover back money paid by plaintiff in satisfaction thereof.

The judge at Special Term held the assessment to have been illegal and void, and directed judgment for the amount paid. The General Term reversed that judgment and ordered a new trial, on the ground that the statute of limitations was a bar to the action.

The facts, so far as are material, are stated in the opinion.

*David D. Acker* for appellant. An action in equity to vacate an assessment in the city of New York, and then to recover the money paid thereon, can be maintained. (*Jex* v. *Mayor, etc.*, 103 N. Y. 536.) Such an action is not forbidden by chapter 550 of the Laws of 1880. (*Friend* v. *Mayor, etc.*, *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331.) As a matter of law, the assessment being valid on its face, the payment was not voluntary. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 500; *Brewster* v. *Port Chester*, 101 id. 244.) The ordinance was capable of either of two constructions, one leaving the ordinance valid and effectual, and the other rendering it invalid; that construction should be given which will render it valid and effectual. (Cooley's Const. Lim. [3d ed.] 188.)

*David J. Dean* for respondent. The ordinance is void on its face, because it contains a delegation to the commissioner of public works of the discretion vested in the common council. (*In re E. I. S. Bk.*, 75 N. Y. 388; *Thomson* v. *Schermerhorn*, 6 id. 92; *In re Trustees of the Presbytery*, 9 Daly, 116; 80 N. Y. 642; *Tappan* v. *Young*, 9 Daly, 357; *Stuart* v. *Palmer*, 74 N. Y. 183; *Chase* v. *Chase*, 95 id. 673.) The payment was voluntary, and hence cannot be recovered back. (*Fleetwood* v. *Mayor, etc.*, 2 Sandf. 475; *Forrest* v. *Mayor, etc.*, 13 Abb. Pr. 350; *Wilcox* v. *Mayor, etc.*, 21 J. & S. 436;

*Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Sprague* v. *Birdsall,* 2 Cow. 419; *Clarke* v. *Dutcher,* 9 id. 674; *Supervisors of Onondaga Co.* v. *Briggs,* 2 Denio, 26; *N. Y. & H. R. R. Co.* v. *Marsh,* 12 N. Y. 308; *Sandford* v. *Mayor, etc.,* 33 Barb. 147; *Union Bk.* v. *Mayer,* 51 id. 159; *Flower* v. *Lance,* 59 N. Y. 603; *Sexton* v. *Pepper,* 28 Hun, 31; *Chase* v. *Chase,* 95 N. Y. 373; *Lamborn* v. *County Comrs.,* 97 U. S. 181; *U. P. R. R. Co.* v. *Comrs. of Dodge Co.,* 98 id. 541; *Stephen* v. *Daniels,* 27 Ohio St. 27; *O. S. Nav. Co.* v. *Tappan,* 16 Blatch. 296; *U. Ins. Co.* v. *City of Allegheny,* 101 Penn. St. 250.)

GRAY, J. If the ordinance of the board of aldermen, under which the work of regulating, grading and paving Broadway was done, appeared on its face to be contrary to the law, and, therefore, to be void, this action to recover back the moneys paid by plaintiff should fail. This appears to be substantially conceded, as a proposition, by plaintiff's counsel; where, under his second point that the payment was not voluntary, he says, " as a matter of law the assessment being valid on its face, the payment was not voluntary." As a matter of fact, the payment of the assessment in question was effected by the mortgagee of the property, who, upon making the mortgage loan, deducted its amount from the moneys payable to the plaintiff and satisfied the lien of record. This fact, of course, frees the case from the element of a payment under duress of person or of goods, through the coercive action of the municipal authorities.

The issue before the trial court was as to the legality of the assessment, with respect to the ordering of the work and the manner of its performance, and upon that point proof was had. The resolution or ordinance under which the work was done, provided for " the same to be done in such manner as the said commissioner may deem expedient and for the best interests of the city and of the property-owners." It appears that the commissioner of public works, who was referred to, contracted, in writing, with one Tracy for the performance of the

work, at the price of upwards of $140,000, and it also appears that this contract was not made after any public advertisement for bids.    But, for the purposes of this case, the sole question which we shall consider is whether this ordinance on its face carried notice of the illegality of the corporate act, not whether matters of proof *dehors* the record otherwise established the invalidity of the assessment.    If the ordinance was on its face void, then the plaintiff cannot plead her ignorance of the law in justification of the payment.    The principle is elementary that a party cannot recover back money paid, upon the ground that he supposed he was bound in law to pay it.    The ordinance delegates to the commissioner of public works a discretion in the performance of the work which it orders done ; for it reads that it is " to be done in such manner as the said commissioner shall deem expedient," etc.

In the *Matter of the Emigrant Industrial Savings Bank* (75 N. Y. 388) this court held, that where an aggregate expenditure of more than $1,000 was involved in the completion of any particular work for the corporation, the same must be by contract, to be awarded to the lowest bidder, after advertisement for sealed proposals ; unless otherwise ordered by a vote of three-fourths of the members elected to the common council.    This was deemed an imperative requirement of the law, under the provisions of section 91 of the Laws of 1873, and as its provisions were embodied in the consolidation act of 1882 (§ 64), they are equally imperative here.    In the case cited, Judge RAPALLO said, with respect to words in the ordinance, precisely similar to those quoted from this record, and which were there claimed to authorize the commissioner of public works to do the work without contract : "Assuming that the power intended to be given to the commissioner by this clause related to the manner of employing the persons to do the work and to the purchase of the supplies necessary therefor, and not merely to the mode in which the work should be performed, we think it was ineffectual to dispense with the provisions of the charter requiring advertisement for sealed proposals and a contract with the lowest bidder.    The law

confers upon the common council the power and duty of deciding in each particular case whether those provisions shall be dispensed with, and requires a vote of three-fourths of all the members elected to accomplish that purpose. This is eminently a discretionary power which cannot be delegated. It is their judgment which the law requires and not that of any officer they may designate. There is no provision in the law itself authorizing them to delegate this power, and the case falls within the settled principle that powers of this description, involving the exercise of judgment and discretion, cannot be delegated; a principle which applies to public bodies and officers as well as to private individuals."

The reasoning of the learned judge is conclusive. In his opinion, what was there left to the commissioner's discretion was the mode in which the work should be performed, and not merely the manner of employing persons to do the work, or of the purchase of necessary supplies. We think that the legislature, in conferring the exercise of a power, sovereign in its attributes, as is the power to tax or assess, upon the common council, must be held to have confined its exercise exclusively to that body as such. The common council is a representative body of the taxpayers, and it would not do to hold that the power to take, or to burden the property of citizens might be exercised by others than by those to whom the power was given. In this case, the mode of performance of an important and expensive work was, by the language of the ordinance, left to the sole discretion of the commissioner of public works; when it was the imperative duty of the common council to provide specifically as to how it should be done. They might direct the work to be done otherwise than by contract; but the exercise of that discretion was carefully provided for in a certain manner. The law intended that the expense of doing work for the corporation, where it would exceed $1,000, should only be incurred after public competition for the contract. It intended that the common council should determine whether the expense should be incurred through a contract or otherwise, and it never intended that

the determination, which it indeed commanded they should make, should be left to an officer. This they had no power to do.

This court has in the past, as recently, considered the question of what is a delegation of power and a consequent violation of the law by the common council. In *Thompson* v. *Schermerhorn* (6 N. Y. 92), their ordinance provided for the work in pitching and flagging a street, to be done " in such manner as' the city superintendent, under the direction of the committee on roads of the common council, shall direct and require." It was held that it was contrary to law, for failing to specify the manner in which the improvement was to be made, and this court affirmed the judgment against the city. In the *Matter of the Emigrant, etc., Bank*, which we have quoted from, the assessment was avoided, and *Thompson* v. *Schermerhorn* is cited; as is the case of *Birdsall* v. *Clark* (73 N. Y. 73), where the question was, whether a general resolution directing the superintendent of streets, when the owner neglected to do the work by the time limited, " to cause the same to be done," was a proper exercise of the power conferred upon the common council. It was held not to be; for the reason that the power conferred by the charter to cause work to be done by *contract or otherwise*, involved the exercise of a discretion as to the manner of its performance, which was vested solely in the common council. Then, in *Stuart* v. *Palmer* (74 N. Y. 183), an action to vacate an assessment on lands and to restrain collection, this court affirmed a judgment for the defendants, on the ground that the acts, under which the assessment was laid, were unconstitutional and void, and hence no assessment laid under them could be a cloud upon title to land. In *Wells* v. *City of Buffalo* (80 N. Y. 253), a similar action to the last, it was held that the complaint was properly dismissed, RAPALLO, J., saying : " If the act is unconstitutional, no assessment imposed under it can be a cloud upon plaintiff's title. It is void upon its face."

It should be a logical conclusion, from the authorities and

from the reasoning upon the case, that when the ordinance, or the resolution directing a local improvement, is essentially illegal, as violating in its provisions the statutory power conferred upon the common council, the payment of an assessment, imposed for the expense incurred under its authority, is a mistake of law, and in such a case relief cannot be granted. Nothing in the argument advanced by the appellant militates against this view. She was under no compulsion to pay the assessment; for there was concededly no duress of person or goods and the payment was not forced by warrant or seizure. We do not understand that the rule goes further in its authority to permit of a recovery back of moneys paid by a person under a tax or assessment, than in a case where, its payment being compelled by an actual or threatened seizure of his person, or divestiture of his goods, he asserts by action and successfully maintains its illegality.

If the tax or assessment is patently illegal and its payment is coerced, an action on the equity side of the court to have it declared void and the moneys paid returned, would be a proper form of remedy; but, lacking the element of coercion, in the form of a duress of person or property, payment must be held to be voluntary.

The court below thought the action was barred by the statute of limitations. We have had occasion to review the question raised by the defense of the statute in such cases, in the case decided in November term of *Friend* v. *Mayor, etc.* (111 N. Y. 331), and it is unnecessary to discuss it in this case.

The order of the General Term reversing the judgment of the Special Term should be affirmed, on the grounds stated in this opinion, and judgment absolute ordered for the defendant on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.