MARTIN KRAMRATH, RESPONDENT, *v.* THE CITY OF ALBANY, APPELLANT.

*City of Albany — power of a committee of its common council to create obligations binding the city.*

The provision of the charter of the city of Albany (Laws of 1876, chap. 172, § 2,) to the effect that "it shall not be lawful for any member or members of the common council, whether a committee or otherwise, to make any disbursements of corporate moneys, or incur any expense in behalf of the city of Albany for repairs or supplies, or to audit accounts therefor, unless previously ordered by the common council," does not forbid a committee, ordered by a resolution of the common council to "fit up a common council chamber in said building for the meetings of the board of aldermen," to incur, without further direction or approval of the common council, obligations for carpets, oil-cloths, etc., used in fitting up such common council chamber; and such obligations so incurred by it are legally enforceable against the city, although no limitation has been imposed by the common council upon the amount which the committee may expend in the execution of the work which it is contemplated by such resolution shall be done.

APPEAL by the defendant, the City of Albany, from a judgment of the Albany County Court, in favor of the plaintiff, entered in the clerk's office of the county of Albany on the 3d day of September, 1887.

The action was brought to recover for merchandise, consisting of carpets, oil-cloths, rugs, etc., furnished by the plaintiff to fit up rooms in the City Building for certain officers.

On the 10th day of February, 1880, the City Hall, in the city of Albany, was destroyed by fire. The common council of the city on the 12th day of February, 1880, duly adopted the following resolution:

"*Resolved,* That, the name of the City Building be and the same hereby is changed to ' City Hall and City Building ;' that the committee on public buildings and parks be and is hereby authorized and directed to set apart and fit up rooms for the use of the city officers who have been left without any office room by reason of the destruction of the City Hall by fire; that said committee also fit up a common council chamber in said building for the meetings of the board of aldermen." This resolution was, on the 13th day of February, 1880, duly approved by the then mayor of the defendant.

The members of the committee on public buildings and parks, referred to in the aforesaid resolution, were : President Thomas Cavanaugh, Aldermen John T. Gorman, William Dey Ermand, William Manson and John Zimmerman.

The city officers who had been left without any office room by reason of the destruction of the City Hall by fire were the chamberlain, board of health officers, receiver of taxes, mayor and city surveyor and engineer.

The said committee on public buildings and parks set apart and ordered to be fitted up in the City Building rooms for the use of said officers. In the necessary fitting up of rooms in the City Building for the city officers who had been left without office room by reason of the destruction of the City Hall by fire, the plaintiff sold and delivered the said goods and performed labor to the amount of $242.98.

The plaintiff duly verified his account and presented it for audit and payment, but the common council wholly rejected it and payment was refused.

The goods were first ordered by the janitor of the City Building ; the articles were selected by the officers for their various rooms, and before they were furnished Mr. Zimmerman, of the committee, informed the plaintiff that it was all right and that he should furnish the goods. Mr. Gorman, of the committee, told Mr. Zimmerman to order them. There was no formal meeting of the committee on public parks and buildings at which the order for the goods was authorized.

No objection was made on the trial that the goods were not necessary and suitable and of the value claimed. In April following a new committee was appointed which reported against allowing the bill.

*D. C. Herrick,* for the appellant.

*Edward J. Meegan,* for the respondent.

LANDON, J. :

The common council directed its committee to " fit up " the rooms in question. Under the circumstances it was necessary and proper to fit them up ; it was proper to employ a tradesman to do

it; the plaintiff did it, and, so far as the case shows, did it well and rendered a reasonable bill. He received his order from a member of the committee. It does not appear that the committee at a regular meeting gave this member direction to give the order. It does appear that one other member requested him to give the order and it also appears that the committee acted informally in various like labors in placing the city officers in working quarters after the destruction of the City Hall by fire. Before this committee had an opportunity to pass upon the plaintiff's bill an election occurred and a new committee was appointed, which rejected the bill.

Assuming that the committee had the authority which the resolution of the common council purported to confer, we do not think, under the circumstances and for the reasons pointed out by us in *Clute* v. *Robison* (38 Hun, 283), that the irregularity of its action can be urged to defeat the just claim of the plaintiff. (*McCloskey* v. *The City of Albany*, 7 Hun, 472; *Nelson* v. *Mayor*, 63 N. Y. 535.) Did the charter forbid the common council to confer authority upon the committee? Section 2 of chapter 173, Laws of 1876, provides: "It shall not be lawful for any member or members of the common council, whether a committee or otherwise, to make any disbursements of corporate moneys or incur any expense in behalf of the city (of Albany) for repairs or supplies, or to audit accounts therefor, unless previously ordered by the common council, except for the support of the alms-house, and for the support of the lamp and gas department."

This means that no committee shall incur any expense for supplies unless authorized by the common council to do so, and the implication is, that if so ordered, then the committee can incur such expense. As the statute did not forbid, the common council could authorize its committee to fit up the rooms. (*Edwards* v. *City of Watertown*, 24 Hun, 426.) The common council cannot delegate its governmental acts to a committee, but can its merely business acts, such as pertain to the care of and supplies for its buildings. The one requires the wisdom and judgment of the entire body, the other is the performance of service ministerial and administrative in its character. This distinction is pointed out in *Birdsall* v. *Clark* (73 N. Y., 73). The present case illustrates it. The City Hall was destroyed and the city officers had no offices. Should another build-

ing belonging to the city be appropriated as a city hall? This was a governmental act and it received, as it ought, the action of the entire common council. Should the rooms be "fitted up" for offices? This was another governmental act, requiring the like action of the common council. Who should do the administrative labor of executing the order of the common council to "fit up" the rooms? Clearly the whole body could not leave its chamber and go among the artisans and tradesmen. Its members are not the common council, except when duly assembled. It must *ex necessitate rei* delegate some body, and it is plain that it can delegate a committee either to buy the necessary carpets and chairs, etc., or to examine them and report for further directions. Here the language of its authorization was to "fit up," that is, to buy outright. We are clearly of the opinion that the committee was empowered to order these supplies from the plaintiff. If the authority had been exceeded, a different question would arise.

Evidence was given tending to show that in other cases, somewhat similar, the common council had audited and allowed the claims of other tradesmen. No harm was done by this evidence. The plaintiff established his claim independently of it; and since it is admitted that, if the defendant is liable, an action is the proper remedy, the plaintiff was entitled to judgment.

Judgment should be affirmed, with costs.

INGALLS, J., concurred.

LEARNED, P. J. (dissenting):

I am of the opinion that the section of the statute restricting the power of the members of the common council and of committees cannot be so liberally construed. To what do the words "unless previously ordered" refer? Not, I think, to the committee. The statute does not mean simply that no member or committee shall make disbursements, etc., unless previously ordered so to do by the common council. It goes further and is intended to take from the common council the power to authorize a committee to make disbursements etc., at its discretion. The words "unless previously ordered" refer to the "disbursements" and "expense." These must be ordered by the common council. I do not mean that the com-

mon council must themselves act in every trifling purchase. They may order disbursements of such a kind and of such an amount, and then the committee may carry out this order. In the present case the authority of the resolution was unlimited, except as to the building to be occupied. The committee was to " set apart and fit up rooms." No limitation was imposed as to expense or as to the quality of fittings. Whether expense should be $500 or $50,000 was left in the power of the committee.

The very evil at which the section is aimed is that of putting an unlimited power to make disbursements and create expense in the hands of a committee. If the resolution had ordered the committee to expend not to exceed a certain sum in the purchase of carpets for these rooms, it would, I think, have been proper. As it is, I cannot think it so.

Judgment affirmed, with costs.