BURCHELL *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.  March 14, 1890.)*

1. MUNICIPAL CORPORATIONS—ORDINANCES—DELEGATION OF AUTHORITY.
    An ordinance, for the paving of an avenue in the city of New York, which provides for the relaying of the cross-walks which, in the opinion of the commissioner of public works, should not be found to be in good repair, or not on a grade adapted to the new pavement, is not such an unlawful delegation of authority as to vitiate an assessment made under it.

2. SAME—EXCESSIVE ASSESSMENT.
    Where by an assessment the entire cost of a street pavement was imposed on the property fronting on the avenue, though a former ordinance required a railroad

company to pay for 25 feet of the pavement in the middle of the avenue, a property owner who had paid the assessment in ignorance of the ordinance was entitled to recover back the excess over and above which his property was liable for.

Appeal from circuit court, New York county.

Action by Henry J. Burchell against the mayor of New York. Defendant appeals from a judgment entered on a verdict directed in favor of plaintiff.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*G. L. Sterling,* for appellants.  *Cecil Campbell Higgins,* for respondent.

DANIELS, J.    The verdict was directed for the sum of $217.04, for an excess which the plaintiff had paid for the expenses of a pavement on Eleventh avenue between Fifty-Second and Fifty-Ninth streets beyond the amount he was liable to pay.    By the assessment the entire cost of the pavement was imposed upon the adjacent property fronting on the avenue, while by an ordinance previously enacted the Hudson River Railroad Company had become liable to grade, regulate, and pave, and keep in repair, a space of 25 feet in width in and about the tracks of the company laid and used on the surface of the avenue.    So far as the pavement was included within this space, its expense should have been imposed upon the railroad company, and not on the property fronting upon the avenue.    The plaintiff had no information of the existence of the ordinance relating to this subject, or of the obligation of the railroad company, at the time when he paid the amount imposed upon his property for this improvement; and after the discovery of the fact that so much of the expense should have been paid by the railroad company, he brought this action to reduce the assessment, and recover the excess which he paid for the cost of the improvement.    The facts entitling him to this reduction of the assessment were substantially admitted by the pleadings.    But the defendant objected to the recovery demanded by the plaintiff on the ground that the ordinance providing for the improvement was illegal, because it contained the provision that at the several intersecting streets and avenues cross-walks should be laid where they were not at that time laid, and relaid where those at that time laid were, in the opinion of the commissioner of public works, not in good repair, or not upon a grade adapted to the grade of the proposed new pavement, under such directions as should be given by the commissioner of public works; and the case of *Phelps* v. *Mayor, etc.,* 112 N. Y. 216, 19 N. E. Rep. 408, has been relied upon as sustaining this objection.    But in that case the entire work was committed to the judgment of the commissioner of public works; and it was held, under the facts then appearing, that this was an unlawful delegation of authority, and rendered the entire proceeding illegal.    But in this case no further delegation of authority was made than to relay the cross-walks which, in the opinion of the commissioner, should not be found to be in good repair, or not upon a grade adapted to the new pavement, and whether any walks were so relaid has not been proved as a fact in the case; and under this state of the evidence the irregularity would not be of so grave a character as to justify the annulment of the assessment.

And, even if the plaintiff should be charged with constructive knowledge of this defect in the ordinance or resolution at the time when he made the payment, it would not relieve the city from the obligation of reimbursing to him so much as he paid in excess of what should have been imposed as his part of the expense of the improvement.    When the payment was made by the plaintiff, he was without information as to the obligation of the railroad company to pay for the 25 feet of the pavement in the middle of the avenue, neither had he information of this defect in the resolution or ordinance under which the crossings were to be relaid; but he appears to have made the payment in good faith, believing the amount to be a legal obligation which he was bound to satisfy for the relief of his property.    The case, in this re-

spect, was similar to that of *Delano* v. *Mayor, etc.*, 32 Hun, 144, where it was held by this general term that the plaintiff was entitled to recover the amount of this excess in the payment for this improvement over and above that which his property was liable to pay if the railroad company had been charged, as it should have been, with the expense of the pavement of 25 feet of the avenue. That decision was deemed to be warranted by *Strusburgh* v. *Mayor, etc.*, 87 N. Y. 452, and it seems to be ample authority for maintaining the plaintiff's action. The judgment should therefore be affirmed. All concur.