## SMYTH *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Superior Court of New York City, General Term.* November 3, 1890.)

VOLUNTARY PAYMENT—VOID ASSESSMENT.
  Plaintiff paid an assessment on her lots after the courts had decided that it was void, and without any threats or proceedings of any kind by the city. *Held,* that the payment was voluntary, and could not be recovered back.

Motion for judgment on verdict subject to opinion of the court.

Action by Margaret C. Smyth against the mayor, aldermen, and commonalty of the city of New York to recover the amount of an assessment paid by plaintiff for sewers in Seventh avenue, New York city. The court directed a verdict for defendant, subject to the opinion of the court at general term.

Argued before FREEDMAN and INGRAHAM, JJ.

*James A. Deering,* for plaintiff.    *W. H. Clark,* Corp. Counsel, (*George L. Sterling,* of counsel,) for defendant.

INGRAHAM, J.   We think the payment of the assessment in this case was clearly a voluntary payment. Prior to the time of the payment proceedings had been commenced to have the assessment declared void, and an order had been signed by one of the justices of the supreme court, dated on the 21st of July, 1889, vacating the assessment, and directing the municipal officers to cancel and discharge the same and the lien or liens upon the records of their respective offices so far as the same affected plaintiff's lots. This order does not appear to have been filed until some time in 1889. The court, however, had decided that the assessment was void, and that it should be vacated. In order to remove the lien of the assessment from the plaintiff's property, she had to file the order, take a certified copy of it to the proper officers, and the lien was discharged. Instead of that she went and paid the assessment. There was no threat on behalf of the city to sell the property, and the assessment was paid, not on account of any proceedings of any kind taken by the city, but for her own purpose. The case comes directly within the case of *Phelps* v. *Mayor, etc.,* 112 N. Y. 216, 19 N. E. Rep. 408. It was there stated: "We do not understand that the rule goes further in its authority to permit a recovery back of the moneys paid by a person under a tax or assessment than in a case where its payment has been compelled by the actual or threatened seizure of his person or divesture of his goods. Here the assessment had been declared by the court to have been illegal on plaintiff's petition, and an order signed so adjudging. A payment made under such circumstances was not compelled by an action or threatened seizure of his person or divesture of his goods. We think, therefore, the defendants are entitled to judgment on the verdict, with costs.