MOREY et al. v. CITY OF BUFFALO.

(Supreme Court, Equity Term, Erie County. April, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ORDINANCES—VALIDITY —VIOLATION OF CHARTER.

Buffalo City Charter, Laws 1895, p. 1723, c. 805, § 288, provides that any owner or occupant of premises, whenever such work is ordered by a resolution of the city council, shall lay and relay sidewalks in front of such premises, and requires the commissioner to notify the owner of any premises in front of which such work is required to be done. The ordinances of the city (chapter 4, § 10) provide that, on notice from the board of public works or the common council, it shall be the duty of the person notified to lay sidewalks, etc., the ordinance being enacted in 1892 and the charter in 1895. Held, that the ordinance was in conflict with the charter, the latter requiring the work to be ordered by resolution of council, and hence the ordinance was invalid.

2. SAME—GOVERNMENTAL POWERS—DELEGATION OF AUTHORITY—DELEGATION BY COUNCIL—POWER TO ORDER IMPROVEMENTS.

Buffalo City Charter, Laws 1895, p. 1723, c. 805, § 288, requires paving of streets, etc., to be ordered by resolution of the common council, and the council cannot delegate the power to order improvements to the commissioner of public works, as public powers or trusts imposed by law or charter upon the council or governing body, to be exercised in its discretion, cannot be delegated to others.

3. SAME—PUBLIC IMPROVEMENTS—INVALIDITY OF PRELIMINARY PROCEEDINGS— EFFECT ON ASSESSMENT.

Under Buffalo City Charter, Laws 1895, p. 1723, c. 805, § 288, providing that the owner or occupant of premises shall lay and relay sidewalks, etc., in front of such premises, whenever such work shall be ordered by resolution of the common council, such work may only be required by resolution of council, and, where it was ordered by the board of public works, assessments levied for such improvements were invalid.

Action by Norris Morey and another against the city of Buffalo to vacate and set aside an assessment roll and assessments levied upon plaintiffs' premises. Assessment declared void.

Joseph H. Morey, for plaintiffs.

Louis E. Desbecker and John W. Ryan, for defendant.

MARCUS, J.   This action is brought to adjudge and declare an assessment roll and assessments levied upon the premises of the plaintiffs null and void, and to vacate, cancel, and set the same aside and to restrain the defendant, its officers, and agents from taking any steps in the collection of the same. It appears that in the month of April, 1906, the commissioner of public works of the city of Buffalo caused sidewalks in front of plaintiffs' premises to be laid, and that in the month of June of the same year the commissioner caused an assessment roll to be made whereby the plaintiffs were assessed for constructing such sidewalks.

It is urged that the commissioner had no right or authority to cause the sidewalks in front of plaintiffs' premises to be laid or to make any assessment therefor until the common council of the city of Buffalo had by resolution duly ordered such work to be done. In 1895 section 288 of the charter (Laws 1895, p. 1723, c. 805), which prior to that time related solely to the laying of service pipes, was amended to read:

"It shall be the duty of the owner or occupant of any premises in the city, whenever such work shall be ordered by a resolution of the common council, to lay water, sewer and gas service pipes. * * * It shall also be the duty of such owner or occupant to lay and relay sidewalks in front of such premises whenever the same shall, as aforesaid, be ordered," etc.

The section then provides that the commissioner shall notify the owner or occupant of any of the premises in front of which any such work shall be required to be done, and that, if the same is not done within 10 days, the city will do the work, and the expense thereof will be assessed against the property. The section further provides for the making of a monthly assessment roll, etc., all of which seems to have been added in 1895. Section 10 of chapter 4 of the ordinances provides, in substance, that on notice from the board of public works or the common council it shall be the duty of a person notified to lay a sidewalk, etc. This ordinance was enacted in 1892. It becomes very apparent that the section of the charter must therefore control, inasmuch as the same contradicts and is in conflict with the terms of the ordinance. It therefore follows that, inasmuch as the ordinance is in conflict with the charter, it must fall, and that irrespective of the time when such ordinance may have been passed. In order to make the roll valid, it is essential that all steps be taken strictly in accordance with the charter, but whether or not it is wise to require a resolution of the common council before any sidewalk is laid in each and every particular instance is not for the court to determine, though it must be apparent that this will necessarily produce delay and annoyance.

Since the charter requires the common council by resolution to determine the question of sidewalks, making the same dependent upon their judgment, they cannot delegate or invest that power in the commissioner of public works, since it is a well-settled principle "that public powers or trusts devolved by law or charter upon

the council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others." Birdsall v. Clark, 73 N. Y. 76, 29 Am. Rep. 105.

From the foregoing it must be clear that the charter contemplates that the common council shall order a new walk by resolution, and, it being admitted that no resolution to that effect exists, that the commissioner of public works and the city of Buffalo have no right or authority to cause the sidewalks in question in front of plaintiffs' premises to be laid, or to make or levy any assessment thereon for the same, and that the said assessments must, therefore, be declared and adjudged null and void.