(68 Misc. Rep. 639.)

JOHNSON–KAHN CO. v. THOMPSON et al.

(Supreme Court, Special Term, New York County. August, 1910.)

1. WATERS AND WATER COURSES (§ 203*)—EXERCISE OF GOVERNMENTAL FUNCTIONS—FIXING WATER RATES.

Greater New York Charter (Laws 1901, c. 466) §§ 473, 475, having given the board of aldermen power to fix water rates, they cannot, after fixing the rates on certain buildings, give the commissioner of water supply power to fix the rates on other buildings by special contract with him.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290, 292; Dec. Dig. § 203.*]

2. WATERS AND WATER COURSES (§ 203*)—FAILURE TO FIX RATES—INJUNCTION.

Where water rates have not been fixed by the board of aldermen, as provided by Greater New York Charter (Laws 1901, c. 466) §§ 473, 475, an owner of an apartment house is entitled to an injunction restraining the municipal authorities from cutting off his water supply, on condition that he permits the meter to be installed to measure the water actually used while the injunction continues.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 296; Dec. Dig. § 203.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Johnson-Kahn Company against Henry S. Thompson and others. Motion for temporary injunction granted.

Myers & Goldsmith, for plaintiff.
A. R. Watson, for defendants.

PAGE, J. This is a motion for an injunction, pendente lite, to restrain the defendants from cutting off the supply of water from plaintiff's premises. The premises in question consist of a modern apartment house having a frontage of more than 50 feet and being more than five stories in height. Two water meters had been installed therein, but were removed on or about December 27, 1909, by the plaintiff, without the consent of the defendants, or any of them. The defendants threaten to cut off the supply of water, unless the plaintiff reinstall the meters or make a special contract with the commissioner of water supply, gas, and electricity with respect to payment for same.

The plaintiff contends that he can only be charged for water at "frontage rates." The Greater New York charter provides:

"Sec. 473. The board of aldermen shall hereafter have all power on recommendation of the commissioner of water supply, gas and electricity to fix and to establish a uniform scale of rents and charges for supplying water by the city of New York which shall be apportioned to the different classes of buildings in said city. * * *

"In all such cases in which a water meter may have been or shall be placed in any building as provided in this act, except as hereinafter provided, the charge for water shall be determined only by the quantity of water actually used as shown by said meters, except as otherwise provided by section 475 of this act."

"Sec. 475. The commissioner of water supply, gas and electricity is authorized in his discretion to cause water meters * * * to be placed in all stores, workshops, hotels, manufactories, office buildings, public edifices, at wharves, ferry houses, stables, and in all places in which water is furnished for business consumption, and if authorized thereto by resolution or ordinance of the board of aldermen, in all apartment houses, * * * so that all water so furnished therein or thereat may be measured and known by the said department, and for the purpose of ascertaining the ratable portion which consumers of water should pay for the water therein or thereat received and used. * * *"

Laws 1901, c. 466.

Pursuant to this authority the board of aldermen adopted an ordinance (Revised Ordinances, § 282) whereby is established a minimum annual rent, based upon a front width from 16 feet and under and up to 50 feet and from one to five stories in height, with certain additional charges, based upon additional families and bath and toilet facilities, and then provides:

"Water meters shall be placed at the discretion of the commissioner of water supply, gas and electricity, for all stores, workshops, hotels, manufactories, office buildings, public edifices, at wharves, ferry houses, and in all places where water is furnished for business consumption, except private dwellings; the charge for water measured by meter to be ten cents per 100 cubic feet. All charges not herein mentioned or fixed are reserved for special contract by and with the commissioner of water supply, gas and electricity."

The construction of this ordinance was before the Appellate Division of this court in a case decided at the May term, 1910 (Matter of Herrman, 123 N. Y. Supp. 752), in which Mr. Justice McLaughlin said:

"I have grave doubts whether the ordinance applies at all to the modern ·apartment house."

The question did not necessarily arise in that case, but in this it is squarely presented. As shown above, the Legislature has given all power to fix water rates to the board of aldermen. But, so far as apartment houses of more than five stories in height and 50 feet in width, that power has never been exercised by that board. The ordinance adopted by the aldermen attempts to delegate the power not exercised to the commissioner of water supply, gas, and electricity; and thus, instead of having a uniform rate applicable to all buildings of the same class, which was the evident intent of the Legislature, each owner of buildings not covered by the ordinance was relegated to the uncertainty of a "special contract," uncontrolled by any standard. The power given by the Legislature to the board of aldermen cannot be by it delegated to an officer of the city. This is elementary, and rests upon the principle that where a power, the exercise of which requires judgment and discretion, has been delegated to a person, it cannot be, by that person, delegated to another. In applying this principle to a delegation of power by the Legislature to a municipality, Judge Cooley says:

"Another and very important limitation which rests upon municipal powers is that they shall be executed by the municipality itself, or by such agencies ·or officers as the statute has pointed out. So far as its functions are legislative, they rest in the discretion and judgment of the municipal body intrusted with them, and that body cannot refer the exercise of the power to the discretion and judgment of its subordinates or any other authority." ·Cooley, Const. Lim. (7th Ed.) 293.

See, also, Smith's Modern Law of Mun. Corp. §§ 531, 564; Dillon, Mun. Corp. 291; Thompson v. Schermerhorn, 6 N. Y. 92, 55 Am. Dec. 385.

An injunction restraining the defendants from cutting off the water supply of the plaintiff's premises herein until the final hearing and determination of this action will be granted, upon condition that the commissioner of water supply, gas, and electricity be allowed to install a meter or meters in the premises, in order that the amount of water actually used during that period may be ascertained. See People ex rel. McAuliffe v. City of New York, 129 App. Div. 551, 114 N. Y. Supp. 312.

Motion granted. Settle order on notice.