ANNA FRANC, Plaintiff, v. MAURICE P. DAVIDSON, as Commissioner of Water, Gas and Electricity, and Others, Defendants.

Supreme Court, New York County, May 2, 1935.

*Emerich Kohn,* for the plaintiff.

*Paul Windels, Corporation Counsel,* for the defendants.

McLAUGHLIN, J.  The plaintiff has brought this action to declare that the acts and proceedings of the city of New York in readjusting the water rates are void.  The present motion in part is one to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action.

The city enacted a local law or ordinance on September 14, 1933, which fixed the rate complained of.  There is no doubt that the board of aldermen has the power to regulate water rates.  Sections 46 and 469 of the Greater New York Charter give such power. (*Johnson-Kahn Co.* v. *Thompson,* 68 Misc. 639, 641.)  It would have been proper for the commissioner in exercise of the power thus bestowed to have recommended the rates to be adopted. However, the jurisdiction over the rates was vested in the board of aldermen and there is no indication that this jurisdiction over water rates which is vested was intended to be diminished.  (*Johnson-Kahn Co.* v. *Thompson, supra.*)

The taxing power of the State is exclusively a legislative function and taxes can be imposed only in pursuance of legislative authority,

there being no such thing as taxation by implication. (*Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *Gautier* v. *Ditmar*, 204 id. 20; *People ex rel. Met. St. R. Co.* v. *Tax Commissioners*, 174 id. 417; *Cayuga Co.* v. *State*, 153 id. 279.) (See other cases, 61 C. J. 81.) It cannot delegate the power to a private individual or public officer, board or commission. (*Gautier* v. *Ditmar, supra; Matter of District No. 2, Town of Brookhaven*, 214 App. Div. 40.)

It is also urged that the law was passed without a public hearing. The attention of the court has not been called to any statute requiring a public hearing before fixing water rates. Indeed, section 469 of the Greater New York Charter seems to negative such a contention.

There is no merit to the plaintiff's contention that the city of New York, as a water company, is subject to the Public Service Commission.

The motion to dismiss is granted without permission to plead over. The objections made are not merely formal but they are substantial.