Hiram Gilmore. Appellant, *v.* The City of Utica et al., Respondents.

*It seems*, where objections to a meritorious assessment, levied to pay the costs of a public improvement, are purely technical the courts should not be astute to find means of setting aside the assessment.

In an action to set aside an assessment for a local improvement, the grounds upon which the assessment is assailed should be mentioned on the trial; they may not be first presented on appeal.

Under the provisions of the charter of the city of Utica (§ 99, chap. 18, Laws of 1862, as amended by chap. 426, Laws of 1887), providing for local improvements, it is not a defect, invalidating an assessment for such an improvement, that the plans and specifications for the work were not prepared and filed before the adoption of the resolution by the common council calling for proposals; it is sufficient if they were filed before the adoption of the ordinance providing for the work.

Nor is the assessment invalidated by the fact that the common council did not prescribe in express words and in detail the exact time for the publication of the notice for proposals required, or specify the day upon which it would meet and take final action in regard to the proposed work.

Where a resolution of the common council directed the city clerk to publish the requisite legal notice, which was done, *held*, that this was not such a delegation of a material discretionary power as to render all subsequent acts void; that it was at most an irregularity provided for in the charter (§ 62), and did not affect the validity of the proceedings.

The clerk, in the first publication of the required notice, made a mistake which rendered the publication erroneous; he then made the proper publication, naming a different day for the meeting of the common council, and that body met in accordance with the notice and awarded the contract. *Held*, that in the absence of evidence that any one was misled or failed to bid on account of the mistake, it did not invalidate the proceedings; that jurisdiction was not lost by the error, and it was proper to treat the first publication as of no validity and to proceed *de novo*.

The work in contemplation was the repaving of a street, in which were street railroad tracks. The plans and specifications filed provided in the alternative for repavement thirty-six feet in width, with a railroad track

each side, between the curb and sidewalk, or for repavement fifty-two feet wide, with a single or double railroad track in the center of the street. *Held*, that this furnished no basis for a charge of illegality.

Under said charter the common council is not absolutely required to let the work to the lowest bidder; it has power to accept the most "favorable proposal," and the lowest bidder is not, as matter of law, the most favorable. The presumption of official integrity attaches to the action of that body, and mere proof that there was a lower bid than the one accepted is not alone sufficient to impugn its action.

*It seems* the provision of said charter (§ 47), which authorizes the common council to raise a sum by taxation not exceeding $5,000 to repair city streets, one-half only of which is to be expended on paved streets, does. not necessarily deprive that body of the power to provide for making other necessary repairs to those streets requiring more than $2,500, and assessing the expenses upon the property benefited.

*People ex rel.* v. *Maher* (56 Hun, 81), distinguished.

(Argued December 23, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This was an action to vacate an assessment for paving the southerly portion of Genesee street in the city of Utica, brought by one of the abutting owners, on the ground that it was invalid on account of various defects in the proceedings, which are set forth in the opinion.

*W. A. Matteson* and *P. C. J. De Angelis* for appellant The assessment is illegal and void because it was made to include the expense of the repavement between the rails and in the space two feet outside the rails of the additional track laid in said street at the time of said repavement. (Laws of 1884, § 9.) This assessment is illegal and void because the common council passed the resolution of April 6, 1888, calling for proposals, etc., before the plans and specifications for said work were prepared and filed. (*People* v. *Board*, 43 N. Y. 227.) The assessment is illegal and void because the common council did not direct and prescribe in said resolution of April

sixth the notices required by section 99 of the charter, but delegated such duty to the city clerk. (*Birdsall* v. *Clark*, 73 N. Y. 73; *State* v. *Mayor, etc.*, 25 N. J. 309; *White* v. *Bayonne*, 49 id. 311.) The assessment is illegal and void because a plan and accurate specification for the proposed work were never made and filed. (*Hydes* v. *Joyes*, 52 Ky. 464.) The assessment is illegal and void because the plans and specifications did not provide for estimates upon the excavation one foot in depth and sixteen feet in width. (*Brady* v. *Mayor, etc.*, 20 N. Y. 312.) The assessment is illegal and void because the plans and specifications did not designate the number and approximate locations of the catch basins and the new manholes. (*Brady* v. *Mayor, etc.*, 20 N. Y. 312.) The assessment is void, because the common council accepted the proposal of the defendant the Warren-Scharf Asphalt Paving Company, which was not the "lowest" or "most favorable" proposal, and because the common council did not accept the proposal of Fowler & Baxter, which was in all respects regular, was "lowest," and was "most favorable." (*People* v. *Gleason*, 121 N. Y. 631.) The assessment is void because the specifications provide that the contractor will be required to keep the pavement and concrete foundation in perfect repair for a period of five years after its completion, and that the compensation for such keeping in repair is to be included in the stated contract price per square yard of pavement. (Laws of 1887, chap. 426; Laws of 1888, chap. 87; *People* v. *Maher*, 56 Hun, 81; *Hemmingway* v. *Poucher*, 98 N. Y. 281; *Brookman* v. *Hamill*, 54 Barb. 209.) The defects in the proceedings pointed out above are jurisdictional. (*Merritt* v. *Vil. of Portchester*, 71 N. Y. 309, 312; *In re Marsh*, Id. 315; *In re Pennie*, 45 Hun, 391; 108 N. Y. 364; *In re Anderson*, 60 id. 457; *People* v. *Board of Improvement*, 43 id. 227; *Birdsall* v. *Clark*, 73 id. 73; *Stebbins* v. *Kay*, 123 id. 31.) It need not be shown that fraud has been committed or damage suffered. (46 N. Y. 100, 107; 75 id. 388, 396.) The common council could not cure these defects and make the contract good by its subsequent approval. Jurisdiction was

lost. Subsequent acts on the part of the council could not restore it. (*Brady* v. *Mayor, etc.*, 20 N. Y. 312, 319; *People* v. *Gleason*, 121 id. 631, 634.) There is no estoppel here. (*City of Rochester* v. *Campbell*, 123 N. Y. 405, 412, 418, 420; *Speir* v. *Town of New Utrecht*, 121 id. 420, 431; *In re Sharp*, 56 id. 257; *Brewster* v. *City of Syracuse*, 19 id. 116, 117; *In re Pennie*, 45 Hun, 391, 396; *Hassan* v. *City of Rochester*, 67 N. Y. 528, 537.) The fact that the plaintiff did not appeal from the assessment to the common council, does not affect his right to relief in this action. (*Hassan* v. *City of Rochester*, 67 N. Y. 538; *Brady* v. *Mayor, etc.*, 20 id. 312; *People* v. *Wilson*, 119 id. 515.) This action was properly brought and can be maintained. (*Rumsey* v. *City of Buffalo*, 97 N. Y. 114; 87 id. 452; 100 id. 378; 63 id. 489.) The suggestion that the expense of this local improvement would be thrown on the city at large, in the event of the setting aside of said assessment, will not affect the court in the performance of its duty. (*In re Phillips*, 60 N. Y. 16.)

*A. M. Beardsley* and *Josiah Perry* for respondents. The general powers of the common council are derived from the charter, but the council has the additional power of doing such things as are necessary to carry out the powers expressly conferred. The powers which can be exercised are either express powers, or inferred or implied powers. (1 Dillon on Mun. Corp. § 89; *Schank* v. *Mayor, etc.*, 69 N. Y. 444; *Doolittle* v. *Supervisors*, 18 id. 163; *N. Y. & H. R. R. Co.* v. *Mayor, etc.*, 1 Hilt. 562, 588; *Tingue* v. *Chester*, 101 N. Y. 294; *In re Brady*, 85 id. 268; *In re Voorhis*, 90 id. 668; 1 Dillon on Mun. Corp. [4 ed.] § 451.) The preliminary notice required by section 99 was according to that section, and stated plans, etc., filed. (*People* v. *Ulster*, 34 N. Y. 272; 4 Kent's Comm. 462; 1 Dillon on Mun. Corp. § 98; *Torrey* v. *Milbury*, 21 Pick. 64; *People* v. *Yonkers*, 39 Barb. 266; *People* v. *Davenport*, 91 N. Y. 574; *People* v. *Lascombe*, 99 id. 49; Laws of 1887, chap. 426, § 99; *People* v. *Lynch*, 11 Abb. Pr. 289; *People* v. *West*, 12 id. 133;

*Moore* v. *Mayor, etc.,* 72 N. Y. 246.) The city surveyor directed and approved the use of the material put under the tracks, and the council, by accepting the work, approved and ratified his action. (*Hitchcock* v. *Galveston,* 96 U. S. 341, 349; Cooley on Taxn. 468.) Section 107, Laws 1872, chapter 625, sections 2 and 3 of the charter, provides, that any person feeling himself " aggrieved by an assessment made pursuant to the provisions of section 99, may appeal therefrom to the common council." The plaintiff in this case had that right and should have exercised it. (*H. R. R. Co.* v. *Mayor, etc.,* 1 Hilt. 526; Laws of 1872, chap. 625, § 2.)

*W. E. Lewis* for respondents. The notice inviting proposals was properly published. (*Steinle* v. *Bell,* 12 Abb. [N. S.] 171; *Sheldon* v. *Wright,* 7 Barb. 39; 5 N. Y. 497; Laws of 1887, chap. 426, § 99; *People ex rel.* v. *City of Utica,* 65 Barb. 21.) The contract was duly and fully performed by the Warren-Scharf Asphalt Paving Company, according to the terms and conditions thereof. (Cooley on Taxn. 468.)

Peckham, J. *First.* The fact that the rails in Genesee street for the use of the horse cars therein were relaid in different positions in the street and an additional track laid down by the Utica Belt Line Street Railroad Company since the year 1884 does not take the case out of the principle already decided by us when this case was here before. (121 N. Y. 561.) Although the work was actually done by the company above named, yet the rails were nevertheless relaid and the track added by this company in its character as lessee and in the right of the lessor, and the provisions of the 9th section of chapter 252 of the Laws of 1884 (the General Street Railroad Act), under which the lessee was organized, do not apply any more than they were held to apply on the former appeal.

*Second.* The plaintiff also claims the assessment is void because the resolution of the common council calling for proposals was adopted April sixth and before any plans or specifications for the work were prepared or filed. The plans and specifications were in fact filed on the eleventh

and eighteenth days of May, respectively, and on the twenty-eighth day of May the common council passed an ordinance for the purpose of providing for the pavement of Genesee street with Trinidad asphalt pavement, the work to be done according to the plans and specifications then on file in the clerk's office.

The statute is somewhat ambiguous in wording and is rather blindly drawn, but we cannot say that the resolution deciding to pave according to plans and specifications to be prepared by the city surveyor was void, because such plans were not then prepared. They must have been prepared before the final ordinance was adopted, and so they appear to have been. There was no separate approval by the common council of the plans and specifications before the publication for proposals, but I do not see that the statute necessarily requires it, and a failure to do so ought not to be regarded as avoiding the whole work thereafter done. It would be a very proper proceeding, for thereby it would appear before the adoption of the ordinance that the common council does approve the plans, etc. But notwithstanding this absence of approval in advance the common council did approve the plans and specifications when it took final action in regard to them and the proposed work by awarding it to the company which finally did the work. This was done by ordinance adopted in May and subsequent to the filing as stated.

*Third.* Another ground of illegality is claimed in the fact that the common council did not itself prescribe in so many words and in detail the exact time for the publication of the notices spoken of in the statute and did not itself specify the day upon which it would meet and take final action in regard to the proposed work. The council by the language of the resolution permitted the city clerk, as the plaintiff claims, to not only make the requisite legal publication of the notices, but also to himself specify the day when the council would meet for final action. The plaintiff urges that this action or omission of the common council was in fact the delegation of a matter of discretion vested in it, to some other person.

The statute requires the council before adopting the ordinance to cause a plan and accurate specifications of the work proposed to be constructed to be prepared and filed with the city clerk, and "it shall then cause to be published in the official newspaper for three alternate days a notice of the filing of the said plans and specifications, and that on a certain day at least six days from the first publication thereof the common council will act in relation to its construction, and in the meantime sealed proposals for constructing the work, with bonds for the faithful performance thereof, will be received by the mayor."

The resolution of the common council directed the clerk to publish the requisite legal notice for proposals for paving Genesee street according to plans and specifications to be prepared by the surveyor.

Acting under this resolution the clerk commenced the publication of the notice required by law. The publication was thus caused by the common council, for it was done by the proper officer under its direction. It is true it did not specify in its resolution the day when it would meet to take. final action, but having directed that the requisite legal notice should be given, and the clerk having followed its directions,. we do not think it so far delegated to another a material discretionary power that must be solely and wholly exercised by itself as to render all its subsequent acts void as not authorized. by statute.

The day fixed upon by the clerk under the resolution was. actually at least six days from the first publication of the. notices, and the plans, etc., were all on file prior to such publication. In truth the requisite legal notice was published and the common council met on the day mentioned therein and' then passed the ordinance and awarded the contract. This is: not like the case of *State* v. *Jersey City*, cited by counsel for appellant and reported in 25 N. J. (1 Dutch.) 309. The notice there actually given was not a compliance with the. statute, because there was added a condition which the council. itself had no right to make.

Here the statute plainly pointed out the kind of notice, the shortest length and the manner of publication, and the contents thereof, and every condition of the law was complied with excepting the council did not itself appoint the day of its meeting, although it in fact met as the notice stated and transacted the business specified therein. This failure to itself appoint a day did not so far affect the jurisdiction of the common council over the subject-matter of this work as to avoid all subsequent proceedings, including the assessment laid to pay for the work actually accepted by the common council. It was at most an irregularity, omission or error which is provided for in section 62 and other sections of the charter, and under which the proceedings resulting in this assessment must be upheld as valid and effectual, notwithstanding such irregularity. So long as the error does not partake of the nature of a jurisdictional defect, the statute cures it. (*Ensign* v. *Barse*, 107 N. Y. 329 ; *Joslyn* v. *Rockwell*, 128 id. 334.) Nor was jurisdiction lost because the clerk in publishing the notice required by April sixth, made such an error or slip in the first publication that it went for nothing. The clerk attempted to carry out the directions of the common council, but failed in his first effort. He then essayed another, and made the proper publication, and the common council met as published and performed the official business proper to be done, and awarded the contract. There is no evidence that anyone was misled or harmed, or that anyone failed to bid on account of the mistake in the first notice. It is not claimed indeed that the mistake in the first publication was anything else than the purest technical error.

We think it was entirely proper to treat the first publication as of no validity whatever, and to proceed with the second publication, naming a different day for the meeting of the council, as if it were the first execution of the orders of the council. There was some error in the first publication which rendered it fruitless and illegal, and hence it was no execution of the directions of that body. Jurisdiction by the common council over the subject-matter was not lost by the error which

rendered the first publication unavailable as a compliance with the statute.

The same may be said of the first publication being commenced before the filing of the plans and specifications. They were both filed before the commencement of the publication of the notices under which in fact the common council took action.

*Fourth.* The plaintiff finds fault again upon the ground that there were never any accurate plans and specifications filed, because those which were filed provided in the alternative for the repavement of 36 feet in width with street railroad tracks outside the curbs and between the curbs and sidewalk, or for the repavement, 52 feet wide, with a single or double street railroad track in the center of the street.

We think there is no weight in this objection. If there were plans, etc., in the alternative, we see no ground for a charge of illegality therein. If the work would be more costly in proportion to the work done if prosecuted with reference to one plan than the other, the offer or proposal could be in the alternative. If the only difference would lie in the extent of the work, a bid per yard or a bid of that nature would entirely obviate the difficulty. Here again is an entire absence of proof that any injury has been caused a human being by reason of this kind of alternative plan. There is no evidence that anyone was misled or prevented from bidding, or that the cost of the work actually done was enhanced a penny by reason of this kind of plan. It is of the purest technicality, and under these circumstances courts should not be astute to find some means of setting aside what so far as the evidence shows is a meritorious assessment levied for the payment of the cost of a public improvement.

*Fifth.* Another ground for avoiding the assessment is, as alleged by plaintiff, that the bid of the company which has actually done the work under the award of defendant was not the most favorable, because, as he says, it was not the lowest. The council has the power to accept the most "favorable proposal." At first it accepted the bid which was the "lowest,"

but subsequently it rescinded that resolution and declared the bid of the company which in fact did the work to have been the "most favorable," and then awarded it the contract. Generally, it would be perhaps true that the lowest bidder would be the "most favorable." This is not, however, true as a matter of law. The lowest bidder might not have either the necessary capital, experience or facilities for doing the proposed work, and might be trusting to the chapter of accidents to furnish him with all these necessities in case his bid were accepted. In matters regarding his own business, an individual would frequently be acting with the highest economy and with the truest regard to his own interests by employing the highest bidder for his proposed work, rather than the lowest. So long as the council was intrusted with the power of awarding the contract for the work to the person making the most favorable proposal, the presumption of official integrity would attach to the action of that body, and in general something more would be necessary to impugn that action than mere proof that there was a lower bid than the one accepted.

*Sixth.* The plaintiff also charges that the assessment is void because the contract under which the work to be paid for was done contained a provision requiring the contractor to keep the pavement and concrete foundation in perfect repair for five years from the time of its completion, and providing that the compensation for such keeping in repair should be included in the stated contract price per square yard of pavement.

In the plaintiff's argument it is stated that the charter requires that the expense of the repairs of streets shall be payable out of the funds of the city at large, and that by section 99 the property abutting on the street which is repaved shall be assessed two-thirds of the expense of such improvement. By including in the contract to repave, the amount of a sum sufficient to keep the street in repair for five years, it is said that the owners are thereby charged with two-thirds of the expense of such repairing, when the statute says it shall be repaired at the expense of the city. It is doubtful whether

the charter fully bears out the contention of the plaintiff in this regard.

The plaintiff refers to section 47, by which it appears that the council is authorized to raise a sum by taxation not to exceed five thousand dollars to repair city streets and keep crosswalks in good condition, and one-half only is to be expended on paved streets. It does not appear that the common council would not have the right to provide that for making all other and necessary repairs to paved streets requiring more than $2,500, the expense should be assessed upon the property benefited.

The language is not the same nor necessarily of the same import as that stated in *People* v. *Maher* (56 Hun, 81), for in that case the law provided for the city making all repairs to pavements in the streets paved with a certain kind of pavement. This particular ground of invalidity in this case was not mentioned in the complaint, nor in any manner referred to upon the trial, and appears to have been taken at the General Term for the first time. While it is true the plaintiff is not bound to plead what he terms his theory of the law, yet justice and the proper way of trying a cause would appear to demand that at least a statement of the grounds upon which the assessment is assailed should be mentioned on the trial. The learned counsel says that the ground here taken could not have been obviated if it had been mentioned at the trial. That does not appear. If stated, the defendants might have shown the plaintiff had waived that particular ground, or that he was by some equitable considerations estopped from setting it up, or that he had released the defendants from all liability on that ground.

Without, therefore, deciding the question on the merits, we think it was too late to raise it for the first time on appeal.

We have looked carefully over the other grounds set up by plaintiff for vacating this assessment, but none of them is of sufficient weight to justify such a result. We think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.