(51 Misc. Rep. 252.)

HINMAN v. CLARK et al.

(Supreme Court, Special Term, Oswego County. June, 1906.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—MOVING BUILDINGS.

The common-law right of an owner of a building to a reasonable use of the public streets for the purpose of moving it may be reasonably restricted.

2. SAME—REGULATION.

Where a city charter gives the department of works of the city no special power as to regulating the moving of buildings through the streets, the

common council may not delegate to such department any authority in reference thereto.

**3. SAME—RESOLUTION OF COUNCIL.**

An owner of two buildings obtained, under an ordinance, permission from the department of works to move them through the streets to a new location. Thereafter the department rescinded such permission, but plaintiff moved a wing of one of the houses into the street, when the council passed a resolution that he should tear down the building where it stood, and remove the obstruction forthwith, and forbidding any further removal along the streets. *Held* that, as plaintiff had a common-law right to a reasonable right of the street to move his buildings, the resolution was void.

**4. SAME—POWER OF COUNCIL.**

While the common council of a city has the power to enact by general ordinance regulations for the moving of buildings through the public streets, it could not exercise such power in each case by resolution.

**5. INJUNCTION—WHEN GRANTED.**

Where an owner of a building had moved the same into a street at a time when the moving of such building was not affected by any ordinance of the city, with intent to move it to another location, he is entitled to a permanent injunction restraining the city department of works from interfering with such building.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 212.]

Action by Elmer L. Hinman against Frederick O. Clark and others, commissioners of the city of Oswego, and the city. Perpetual injunction granted.

D. P. Morehouse, for plaintiff.
John Tiernan and Francis D. Culkin, for defendants.

DEVENDORF, J. Upon the plaintiff's application, a temporary injunction was granted herein restraining defendants from destroying and tearing down two houses belonging to or in the possession of plaintiff, and from interfering with the moving of such buildings through West Sixth street to lots on Montcalm street in the city of Oswego.

The object of this action is to obtain a permanent injunction substantially within the scope of the language of the temporary injunction. The plaintiff had a sufficient title or interest in said buildings, as appears by the evidence, to entitle him to maintain this action. The two buildings in question stood upon railroad lands in said city, and they were purchased by the plaintiff for the purpose of removing them from such lands to lots purchased for that purpose on said Montcalm street.

There is an ordinance of said city, known as "No. 180," which reads as follows:

"No person shall remove or cause or permit to be removed or shall aid or assist in removing any building into, along or across any street, sidewalk or public grounds * * * without permission from the department of works and shall give such bond to the city of Oswego as the said department shall require. A violation of this ordinance is punishable by a fine of not less than five nor more than twenty-five dollars."

The plaintiff, not then questioning the validity of that ordinance, on the 11th of July, 1904, made application to the department of works

of said city for the right to remove said two houses from their then location through the streets of the city to said lots. The right to remove certain other houses was also asked in said application. At that date, the said department, by a single resolution, granted the right applied for to so move such buildings, upon the plaintiff's giving a bond to be approved by the city attorney. On the 18th of July following the presentation of such application, the plaintiff gave to the city a bond approved by the city attorney, with two sureties and in the penalty of $2,000. The plaintiff had theretofore entered into a contract for the removal of said buildings; and, after the granting of said right to him by said department, he proceeded with preparations for such removal and purchased materials and supplies therefor, and proceeded to get them in readiness. On the following 8th day of August, certain persons having objected to the moving of such buildings, the department of works rescinded by resolution the right it had already so given the plaintiff as to the two houses in question here. In November the plaintiff, acting under the advice of counsel, proceeded to move the wing of one of said houses and brought it out into the street on its way to the Montcalm street lots. Thereupon the common council of the city passed a resolution that plaintiff be notified to tear down and take apart the said building where it then stood and remove such obstruction and incumbrance forthwith, and forbidding a further removal upon or along such public street, and also that, in case of neglect or refusal on the part of said plaintiff in that regard, the building be destroyed by the city, and further directed that the department of works be empowered or instructed to deliver the bond given to said department to said Hinman canceled. Thereafter obstructions were placed before said building by the said city, and then this action was commenced and said temporary injunction obtained preventing interference with and destruction of such building on the part of the city and department of works. The same was then moved to the Montcalm street lot, and nothing further has been done with reference to moving such buildings on the part of the plaintiff.

The question to be determined by the court in this case is whether, on the above facts, the city authorities had the right to the remedy they intended to apply. It had been the custom for many years to move buildings through the public streets of the city, and, if necessary, it may be presumed that such buildings were moved with the consent, express or implied, of the authorities thereof. The streets of the city had been used frequently, during a period of many years, for that purpose. Primarily the streets are designed for the public travel, and the municipality is required to maintain them in suitable condition for that purpose; but they may be lawfully used for other purposes, provided such use does not interfere with the reasonably free passage of the traveling public thereover. They are intended for the general use and convenience of all, and may be used for all those purposes to which they have, from time to time, been appropriated. I am of the opinion that the plaintiff had a common-law right to the reasonable use of the public highways and streets for the purpose of moving his

buildings. Graves v. Shattuck, 35 N. H. 257, 69 Am. Dec. 536. Such right, however, may be reasonably restricted by statute or municipal ordinance, but without such, or like, restrictions, that right is possessed by the citizen generally. The city of Oswego has the power to restrict, within reasonable limits, the use of its streets for such purposes; but I do not think it effectually exercised that power in this case under consideration.

It may be well that the department of works, or the city engineer, have notice of all applications to move buildings, if an ordinance or statute placed the citizen in a position where he must obtain consent; but that power, to control the force of such restricting ordinance, should be retained by the common council. It is, I believe, a judicial function, and should not be delegated by the common council, or governing power, to a department of the city government. All citizens equally have the right to use the public highways and streets; and if for any reason the police power of the city is to be enlisted to restrict that use, or the urban government for its corporate benefit seeks to limit such use, the putting of such force into motion should come from the governing body of the city and not from a delegated authority. The city charter does not give any special power to the department of works with reference to the moving of houses or buildings over or through the public streets. Neither does the charter, so far as I am able to discover, grant to the common council the right to delegate to the department of works any power or authority in reference to such use of the streets.

As to the question which I have determined adversely to the city, with reference to the right of the common council to confer jurisdiction on the department of works in such matters, I think I am sustained, to some extent at least, by the following authorities: Phelps v. Mayor, 112 N. Y. 216, 19 N. E. 408, 2 L. R. A. 626; Providence Retreat v. City of Buffalo, 29 App. Div. 160, 51 N. Y. Supp. 654; Burke v. Burpo, 75 Hun, 568, 27 N. Y. Supp. 684. Therefore I have come to the conclusion that jurisdiction over the city streets, in regard to moving buildings thereover, still remained with the common council, and was not with the department of works; and ordinance No. 180 is void.

The next question presented is whether the common council had power by resolution to prevent the removal or cause the destruction of these houses. As stated, I think the common council has a power and control over the public streets of the city sufficient to restrict, within reasonable limits, the moving of buildings thereover; but I do not think that power should be set in motion in each individual case by resolution. A city ordinance in that regard could be enacted which would apply alike in all cases and the common council retain to itself control of the situation under such ordinance. It is also claimed by the plaintiff that the defendants, the commissioners of works, are estopped from rescinding plaintiff's right, theretofore granted, to move the houses, but it is unnecessary to consider that question at this time. I do not intend, however, to broaden this decision sufficiently to apply to the moving of the other buildings or to interfere with any

ordinance which may have been enacted by the common council after the commencement of this action, but intend that it shall apply to the wing and the main part of the building which had been moved wholly or partly into the street at the time the temporary injunction was obtained. Within the scope and as limited above, a perpetual injunction is granted, with costs.

Perpetual injunction, with costs.